**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IRENE J. PRIDGEN,

Plaintiff,

v. Case No. 8:26-cv-2408-TPB-GDP

MELISA MANGANELLI, et al.,

Defendants.
_______________________________/

**ORDER DISMISSING COMPLAINT**

This matter is before the Court *sua sponte* on Plaintiff Irene J. Pridgen's *pro se* complaint, filed on August 17, 2026.[1] (Doc. 1). After reviewing the complaint, court file, and the record, the Court finds as follows:

**Background**

According to the complaint, Plaintiff Irene J. Pridgen discovered in August 2022 that her name had been associated with an "Affidavit of Grantor" recorded in the public records of Pinellas County concerning real property located at 2730 Westchester Drive in Clearwater, Florida. Plaintiff alleges that Defendant Melisa Manganelli executed and recorded the affidavit without Plaintiff's knowledge or authorization. Plaintiff expressly alleges that she had "zero ownership interest, debt obligations, or connection" to the property.

[1] As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to serve as de facto counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

Plaintiff alleges that Defendant Earl Anderson acquired the property through a judicial foreclosure and that Defendants thereafter used Plaintiff's identifying information in connection with the property and its eventual sale. Plaintiff alleges that Defendants' conduct exposed her to financial risk, caused her to incur expenses associated with investigating and attempting to correct the matter, and caused emotional distress.

The complaint asserts claims for elder exploitation under Florida law (Count I), fraudulent real-property filings under Florida law (Count II), identity theft under Florida law (Count III), and violations of the Fair Debt Collection Practices Act ("FDCPA") and 18 U.S.C. § 1028 (Count IV). Plaintiff invokes both federal question and diversity jurisdiction.

## Analysis

### *Standing*

As an initial matter, the complaint does not adequately establish Plaintiff's standing to pursue this action in federal court. Article III standing requires, among other things, a concrete and particularized injury in fact that is actual or imminent rather than conjectural or hypothetical. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). A plaintiff does not automatically satisfy this requirement merely because a defendant allegedly violated a statute. *Id.* at 426.

Here, Plaintiff expressly disclaims any ownership interest in, debt obligation concerning, or other connection to the subject property. Although she alleges that Defendants' actions exposed her to potential financial liability and caused administrative expenses and emotional distress, the complaint does not clearly identify any actual

financial obligation imposed upon Plaintiff, loss of property, adverse credit consequence, or other concrete harm resulting from the alleged use of her name. The Court therefore cannot determine from the present allegations whether Plaintiff has suffered the concrete injury necessary to establish Article III standing. Any amended complaint must clearly identify the concrete injury Plaintiff herself suffered as a result of each Defendant's alleged conduct.

***Federal Question Jurisdiction***

The complaint also fails to establish federal question jurisdiction based on the federal statutes identified in Count IV. Subject matter jurisdiction exists for claims arising under federal law. *See* 28 U.S.C. § 1331. But federal question jurisdiction exists only when a federal question is presented on the face of the complaint. *See Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004).

First, Plaintiff purports to assert a civil claim under 18 U.S.C. § 1028. But § 1028 is a federal criminal statute and does not create a private civil cause of action. Accordingly, Plaintiff cannot maintain a civil claim under § 1028, and amendment of that claim would be futile. The § 1028 claim is therefore dismissed with prejudice, without leave to amend.

Second, Plaintiff fails to state a claim under the FDCPA. § 1692e prohibits a "debt collector" from using false, deceptive, or misleading representations or means "in connection with the collection of any debt." 15 U.S.C. § 1692e. Plaintiff expressly alleges that she was a "complete non-debtor third party" with no financial obligation associated with the property. More importantly, the conduct described in the complaint was not undertaken "in connection with the collection of any debt." Rather, Plaintiff alleges that

the Affidavit of Grantor was used to "validate tenant control, collect rental stream monies, clear title encumbrances, and finalize a $1,300,000 commercial sale." Even accepting these allegations as true, the allegedly wrongful use of Plaintiff's identity in connection with a real-property transaction does not transform that conduct into debt collection under the FDCPA. Plaintiff's allegations concerning Manganelli's involvement in foreclosure-related or title-related transactions likewise do not establish that the challenged conduct occurred in connection with the collection of a debt. Because Plaintiff's own allegations establish that the conduct underlying this action was not undertaken in connection with the collection of any debt, amendment would not cure this defect without contradicting the factual premise of her claims. Plaintiff's FDCPA claim is therefore dismissed with prejudice, without leave to amend.

***Diversity Jurisdiction***

Because the federal claims currently asserted in the complaint are dismissed without leave to amend, Plaintiff must establish an independent basis for subject matter jurisdiction over any claims asserted in an amended complaint. Although Plaintiff invokes diversity jurisdiction under 28 U.S.C. § 1332, the complaint does not adequately establish it.

Diversity jurisdiction requires complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires complete diversity, which means that "no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). When it comes to an individual, such as Plaintiff and Defendants in this case, citizenship is based on his or her domicile,

meaning his state of residence in which he or she intends to remain. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002).

Plaintiff does not identify the citizenship of any parties, including her own. She does provide mailing addresses, but allegations concerning a party's residence or mailing address do not, without more, establish that party's citizenship for purposes of § 1332. The Court further notes that if Plaintiff and Defendant Melisa Manganelli are both citizens of Florida, there would not be complete diversity between the parties.

Additionally, the complaint repeatedly references the approximately $1.3 million value of the underlying real-estate transaction. But the value of property in which Plaintiff expressly disclaims any ownership interest does not itself establish that more than $75,000 is in controversy between Plaintiff and Defendants. Any amended complaint invoking diversity jurisdiction must adequately allege the citizenship of each party and facts establishing that the amount in controversy as to Plaintiff's claims exceeds $75,000.

## <u>Conclusion</u>

For these reasons, Plaintiff's complaint is deficient and fails to establish either Article III standing or a basis for subject matter jurisdiction. Because Plaintiff is proceeding *pro se*, the Court will permit her one opportunity to file an amended complaint addressing these deficiencies.[2] In any amended complaint, Plaintiff must allege facts establishing her Article III standing and an independent basis for this Court's subject matter jurisdiction. Plaintiff may assert any claims she believes are

---

[2] The Court expresses no opinion at this time concerning the merits of Plaintiff's remaining state law claims.

legally appropriate and supported by the facts, subject to Federal Rule of Civil Procedure 11. However, Plaintiff may not reassert a claim under 18 U.S.C. § 1028 or the FDCPA because those claims are dismissed with prejudice. The Court notes that the failure to file an amended complaint as directed will result in this Order becoming a final judgment.

In addition, if Plaintiff elects to file an amended complaint and pursue any claims, at the time she files her amended complaint, she must either (1) pay the filing fee or (2) file a motion to proceed without costs. Failure to do so may result in the dismissal of this case without prejudice without further notice.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Plaintiff's complaint (Doc. 1) is **DISMISSED**, as set forth herein.
2. Plaintiff's claim under 18 U.S.C. § 1028 and her claim under the Fair Debt Collection Practices Act are **DISMISSED WITH PREJUDICE**, without leave to amend. Plaintiff may not reassert these claims in an amended complaint.
3. Plaintiff is granted leave to file an amended complaint on or before September 3, 2026. Any amended complaint must clearly allege facts establishing (1) Plaintiff's Article III standing and (2) a basis for this Court's subject-matter jurisdiction. Failure to file an amended complaint by the deadline will result in this Order becoming a final judgment.
4. If Plaintiff elects to file an amended complaint, at the time she files her amended complaint, she must either (1) pay the filing fee or (2) file a motion to

proceed without costs. Failure to do so may result in the dismissal of this case without prejudice without further notice.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 20h day of August, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE